IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BERNARD D. LONG, | ) | 4:09CV3046 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Dir. | ) | |
| N.D.C.S., and STATE OF | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus.  (Filing no. 1.)  The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Petitioner has made seven claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:     Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's post-conviction counsel was "blatantly incompetent and ineffective."

Claim Two[1]:     Petitioner was deprived due process and equal protection of the laws at the post-conviction stage *because* "competent prisoners can access the court but illiterate incompetent prisoners cannot make a rational effective defense of their claims pro se."

---

[1]This claim contains the claim set forth in the Petition as Ground One.  (Filing No. 1 at CM/ECF pp. 5-6.)

Claim Three:        Petitioner was denied the effective assistance of
                    counsel in violation of the Sixth and Fourteenth
                    Amendments *because* Petitioner's appellate counsel
                    did not raise in court or explain to Petitioner the
                    possible challenges to Nebraska's homicide laws.

Claim Four:         Petitioner was denied the effective assistance of
                    counsel in violation of the Sixth and Fourteenth
                    Amendments *because* Petitioner's trial counsel did
                    not object to the jury instructions.

Claim Five[2]:      The jury instructions deprived Petitioner of due
                    process of law in violation of the Fourteenth
                    Amendment *because* jury instruction number seven
                    was erroneous.

Claim Six:          The Antiterrorism and Effective Death Penalty Act
                    may be tolled because Petitioner is illiterate without
                    the assistance of counsel and he received ineffective
                    assistance of counsel in previous litigation.

Claim Seven:        Petitioner is entitled to file successive postconviction
                    actions based on the erroneous jury instructions in his
                    case.

Liberally construed, the court preliminarily decides that Claims One through Five

---

[2]This claim contains the claims set forth in the Petition as Grounds Four and
Five. (Filing No. 1 at CM/ECF pp. 7-8 and 11.)

2

are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Liberally construed, the court decides that Claims Six and Seven are not cognizable in a federal court habeas action.[3]

IT IS THEREFORE ORDERED that:

1.    Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that Petitioner's Claims One through Five, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.    Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court determines that Petitioner's Claim Six and Seven, as set forth in this Memorandum and Order, are not cognizable in a federal court habeas corpus action and are dismissed without prejudice.

3.    The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4.    By May 14, 2009, Respondent shall file a motion for summary judgment or an answer.  The Clerk of the court is directed to set a pro se case

_____

[3]Claims Six and Seven relate to defenses Respondents may assert in response to the Petition.  Petitioner may raise these issues if Respondent alleges that the Petition is untimely or procedurally barred.

management deadline in this case using the following text: May 14, 2009: deadline for Respondent to file answer or motion for summary judgment.

5.   If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A.   The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B.   The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C.   Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D.   No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless  directed to do so by the court.

E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6.    If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

A.    No later than 30 days after the filing of the answer, Respondent shall file a separate brief.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

B.    The answer shall be supported by all state court records which are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records In Support of Answer."

5

C.  Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response.   Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

7.  No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

March 30, 2009.                    BY THE COURT:


                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge

6