IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BERNARD D. LONG, | ) | 4:09CV3046 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Dir. | ) | |
| N.D.C.S., and STATE OF | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Bernard D. Long's ("Long") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondents filed an Answer (filing no. 8), Brief in support of their Answer (filing no. 9), State Court Records (filing no. 7), and a Reply Brief (filing no. 12.) Long filed a Brief on the merits of the Petition (filing no. 10) and a Reply Brief (filing no. 12). This matter is therefore deemed fully submitted.

Liberally construing the allegations of Long's Petition, he argues that the Petition should be granted because:

> Claim One:   Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's post-conviction counsel was "blatantly incompetent and ineffective."
>
> Claim Two:   Petitioner was deprived due process and equal protection of the laws at the post-conviction stage because "competent prisoners can access the court but illiterate incompetent prisoners cannot make a rational effective defense of their claims pro se."

>   Claim Three:  Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel did not raise in court or explain to Petitioner the possible challenges to Nebraska's homicide laws.
>
>   Claim Four:   Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel did not object to the jury instructions.
>
>   Claim Five:   The jury instructions deprived Petitioner of due process of law in violation of the Fourteenth Amendment because jury instruction number seven was erroneous.

(Filing No. 6 at CM/ECF pp. 1-2.)[1]

## I.  BACKGROUND

### A.  Long's Conviction and Direct Appeal

On March 13, 2001, a jury convicted Long of one count of first degree murder and one count of use of a weapon to commit a felony. (Filing No. 7-4, Attach. 3, at CM/ECF p. 29.) Long was thereafter sentenced to serve a prison term of life imprisonment on the murder count and five to 10 years on the use of a weapon count, to be served consecutively. (*Id.* at CM/ECF pp. 32-34.) Long filed a direct appeal in which he argued that his trial counsel was ineffective for failing to assert a timely challenge to the composition of the jury, that the trial erred in overruling his motion

---

[1] Long initially asserted two additional claims, which the court determined to be "not cognizable" on initial review. (Filing No. 6 at CM/ECF p. 3.) The parties have not objected to this determination and those two claims are therefore not at issue here.

2

in limine, and that the evidence was insufficient to sustain the guilty verdict. *State v. Long*, 645 N.W.2d 553, 558 (Neb. 2002).[2] The Nebraska Supreme Court affirmed Long's conviction and sentence on June 14, 2002, issuing a detailed opinion. *Id.* at 562.

### B.  Long's First Post Conviction Motion and Appeal

On June 4, 2003, Long filed a "Motion for Postconviction Relief" ("First Post Conviction Motion") in the Douglas County, Nebraska District Court. (Filing No. 7-7, Attach. 6, at CM/ECF pp. 9-10.) In his First Post Conviction Motion, Long asserted two claims, that his trial counsel failed to communicate a plea bargain offer to him and that his trial counsel was ineffective for failing to properly assert a timely challenge to the composition of the jury, neither of which are included in the Petition currently before the court. (*Id.*; Filing No. 1.) On May 2, 2007, the Douglas County District Court denied the First Post Conviction Motion. (Filing No. 7-7, Attach. 6, at CM/ECF pp. 37-42.) Long appealed the denial of post-conviction relief. However, he filed a motion to dismiss his appeal, which the Nebraska Supreme Court granted on July 2, 2007. (Filing No. 7-8, Attach. 7, at CM/ECF pp. 1-2.)

### C.  Long's Second Post Conviction Motion and Appeal

On June 19, 2007, Long filed a "Verified Motion for PostConviction Relief" ("Second Post Conviction Motion"). (Filing No. 7-9, Attach. 8, at CM/ECF pp. 28-44.) In his Second Post Conviction Motion, Long asserted numerous claims which are difficult to decipher, but arguably include the claims set forth in the Petition currently before the court. (*Id.*) On March 5, 2008, the Douglas County District

---

[2]Respondent also filed a copy of this published opinion with the State Court Records in this matter. (Filing No. 7-2, Attach. 1, at CM/ECF pp. 1-18.) Rather than citing to the record, the court will cite to the reported case.

3

Court denied the Second Post Conviction Motion. (Filing No. 7-10, Attach. 9, at CM/ECF pp. 5-10.) In denying the Second Post Conviction Motion, the Douglas County District Court stated:

> [I]t is undisputed that this is Long's second postconviction motion and that his first postconviction motion was judicially determined. . . . Further, a review of the second postconviction motion demonstrates that it does not affirmatively show on its face that the bases relied upon for relief were not available at the time the prior motion was filed. Long attempts to address this deficiency by arguing that he did not know or understand the law or these grounds for claiming postconviction relief until he discussed them later with a jailhouse lawyer. This argument is not persuasive and certainly does not meet the necessary threshold of showing that the bases he now relies upon were not available at the time the first postconviction motion was filed. . . . These issues were known to Long and his counsel and were not raised.

(*Id.* at CM/ECF pp. 7-8.) The court also rejected Long's argument that there was "plain error," finding that it had "no merit." (*Id.* at CM/ECF p. 8.) Summarized, the Douglas County District Court determined that, "[a]s a matter of law this Court finds and concludes that all of the issues asserted in Long's second postconviction motion are either procedurally barred because they have been previously raised or could have been by Long or do not constitute a cognizable claim under the Nebraska postconviction statute." (*Id.* at CM/ECF p. 9.)

Long appealed the denial of his second request for post-conviction relief. On appeal, Long generally asserted all of the claims presented in the Petition. (Filing No. 7-11, Attach. 10, at CM/ECF pp. 1-22.) The State of Nebraska filed a "Motion for Summary Affirmance," arguing that Long's Second Post Conviction Motion was a "second or successive" motion and was procedurally barred. (Filing No. 7-12, Attach. 11, at CM/ECF pp. 4-10.) The Nebraska Supreme Court granted that motion,

summarily affirming the Douglas County, Nebraska's denial of the Second Post Conviction Motion, on August 14, 2008. (Filing No. 7-13, Attach. 12, at CM/ECF p. 2.) Long thereafter filed a motion for rehearing, which was denied by the Nebraska Supreme Court on November 13, 2008. (*Id.*)

Long filed this matter on March 5, 2009. (Filing No. 1.) Respondents thereafter filed their Answer and Brief in Support, arguing that all of Long's claims are either procedurally defaulted, or that no federal habeas corpus relief is available. (Filing Nos. 8 and 9.) Long filed a Response and a Reply Brief, arguing the merits of his claims and claiming that his procedural default should be excused. (Filing Nos. 10 and 14.)

## II. ANALYSIS

### A. Claims One and Two

In Claim One, Long asserts that he was denied the effective assistance of counsel in his post-conviction proceedings. It is well-settled that "ineffective assistance of post-conviction counsel is not a basis for habeas corpus relief." *Bruns v. Thalacker*, 973 F.2d 625, 630 (8th Cir. 1992) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)); *see also Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009) (collecting cases and stating that ineffective assistance of post-conviction counsel cannot serve as cause to excuse procedural default); *Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006) (same). Thus, Long's Claim One is not a basis for habeas corpus relief.

Additionally, for his Claim Two, Long seeks relief because of various errors in his post-conviction proceedings in the Douglas County District Court. However, like ineffective assistance of post-conviction counsel claims, errors and defects in state postconviction proceedings are not cognizable in federal habeas corpus cases.

*See, e.g., Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir.1989) (stating that failure by state post-conviction court to hold a hearing and provide written findings is not cognizable in federal habeas corpus action). In short, relief under 28 U.S.C. § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. Accordingly, Long's Claims One and Two are dismissed.

> **B.  Claims Three-Five**
>
> *1.  Exhaustion/Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can

7

demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, where a "state court issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Long did not argue Claims Three-Five on direct appeal. *Long*, 645 N.W.2d at 558. Long also failed to raise Claims Three-Five in his First Post Conviction Motion. Although Long arguably raised Claims Three-Five in his Second Post Conviction Motion and appeal, he was denied relief because that motion was deemed a successive motion for post conviction relief and Long failed to show that the relief he sought was clearly unavailable at the time of his First Post Conviction Motion. (Filing No. 7-10, Attach. 9, at CM/ECF pp. 5-10; *see also Ortiz*, 670 N.W.2d at 792.) The Douglas County District Court specifically determined, "[a]s a matter of law this Court finds and concludes that all of the issues asserted in Long's second

8

postconviction motion are either procedurally barred because they have been previously raised or could have been by Long or do not constitute a cognizable claim under the Nebraska postconviction statute." (Filing No. 7-10, Attach. 9, at CM/ECF p. 9.)

Thus, although Long presented them in his Second Post Conviction Motion and appeal, the Douglas County District Court clearly did not resolve Claims Three-Five on the merits. Rather, that court issued "a plain statement" that it was "rejecting [Long's] federal claim[s] on state procedural grounds." *Shaddy*, 890 F.2d at 1018. In such circumstances, this court is precluded from reaching the merits of the claims. Thus, Claims Three-Five are procedurally defaulted and this court cannot consider the merits of these Claims unless Long can show cause and prejudice to excuse the default.

### 2. *Cause and Prejudice*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner."). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong*, 418 F.3d at 927.

Although difficult to decipher, Long argues that his procedural default is excused because he is "illiterate" or lacks enough legal knowledge to "make a rational defense." (Filing No. 10 at CM/ECF pp. 2-3.) However, the Eighth Circuit has rejected such arguments. *See, e.g.,* *Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) ("Only an impediment external to the defense that prevents a petitioner from complying with the state rule constitutes cause for procedural default. . . . A prisoner's illiteracy and pro se status are not cause."); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) ("Smittie's pro se status and educational background are not sufficient cause for failing to pursue state-court remedies."). Long has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing all of his claims in his direct appeal and in his First Post Conviction Motion, or from pursuing his appeal of the First Post Conviction Motion. Thus, because it was not external to him, Long's claim that he is "illiterate" or lacked legal knowledge to follow the state's procedural rules is simply not adequate cause to excuse the procedural default.

Long also argues that he "actually innocent" of first degree murder. (Filing No. 10 at CM/ECF p. 8; Filing No. 14 at CM/ECF p. 4.) A claim of actual innocence "is one of actual as opposed to legal innocence" and "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Whitmill v. Armontrout*, 42 F.3d 1154, 1157 (8th Cir. 1994) (quotation omitted). However, where a petitioner "does not contest that he did the actions for which he was convicted," but instead "asserts that those actions legally constitute" some other, lesser crime, actual innocence cannot be established. *James v. Endell*, No. 93-3140, 1994 WL 102127, *2 (8th Cir. March 29, 1994) (unpublished).

Like the petitioner in *James*, Long does not argue that he is actually innocent. Instead, Long argues that he is not guilty of first degree murder and should have instead been convicted of some lesser crime, such as manslaughter, based on the

10

evidence and on a proper interpretation of Nebraska law. (Filing No. 10 at CM/ECF p. 8; Filing No. 14 at CM/ECF p. 4.) As such, Long has failed to establish actual innocence and his procedural default cannot be excused. Long has failed to demonstrate cause and prejudice to excuse his procedural default, and Claims Three-Five are also dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Bernard D. Long's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

October 21, 2009.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Joseph F. Bataillon
　　　　　　　　　　　　　　　　Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.